# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON IRWIN GUY, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-558-F |
| GRADY COUNTY JAIL, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds Plaintiff's Complaint fails to state any plausible claims upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed without prejudice to refiling.

## I.     Plaintiff's Claims

Plaintiff's claims arise out of his confinement at the Grady County Jail (Jail). Plaintiff names the Jail as the sole defendant in this action. Plaintiff states that he did not receive proper medical care at the Jail. He alleges that he suffers from an ulcer and/or colitis and that he was told his family would need to provide his medications. As relief, Plaintiff seeks "proper and fair medical treatment," that the Jail be required to pay for proper medical treatment, and monetary damages. *See* Compl. at ECF p. 7.

## II. Standard for Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), dismissal of a complaint is proper where the action is frivolous or malicious or fails to state a claim upon which relief may be granted. The Court's review of a complaint under § 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). The Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *Id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Analysis

### A. Defendant Grady County Jail is not a Suable Entity

Plaintiff brings this action against a single defendant, the Jail. But the Jail lacks an identity separate and apart from the county it serves and therefore is not a suable entity in a § 1983 action. *See*, *e.g., Lindsey v. Thomson*, 275 F.App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity

capable of being sued"). Therefore, Plaintiff's claims against the Jail should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### B. Plaintiff's Claims for Injunctive Relief are Moot

Plaintiff filed a Notice of Change of Address [Doc. No. 7] on June 23, 2016. The Notice reflects that Plaintiff is no longer confined at the Jail. As a result of his transfer, any claims for injunctive relief against the Jail are moot. *See generally Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997); *see also Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011). It is therefore recommended that Plaintiff's claims for injunctive relief be dismissed.

### C. Plaintiff Fails to Identify any Prison Official Responsible for the Alleged Denial of Medical Care

To state a claim for a violation of the Eighth Amendment due to inadequate medical care, a prisoner must demonstrate "deliberate indifference" to his serious medical needs. *See, e.g.*, *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). Plaintiff's allegations are mostly conclusory. He does not provide any dates of the alleged denial of medical treatment and he does not identify any prison official to whom he made a request for treatment and was thereafter refused such treatment. *See, e.g., See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (to state a claim in federal court, a complaint must explain what each defendant did to harm the plaintiff, when the defendant did it, how the defendant's actions harmed him, and what specific legal right the plaintiff alleges the defendant violated)*; see also Shepard v. Sullivan*, 65 F. App'x 677, 680 (10th Cir. 2003) ("Prison officials cannot be liable under the Eighth Amendment without awareness of the facts which demonstrate [an excessive risk to a prisoner's health and safety]."). Such conclusory allegations which fail to demonstrate personal participation by any official at the Jail in the alleged violation of Plaintiff's constitutional rights fail to state a plausible claim for § 1983 relief. *See Henry v. Storey*, 658

F.3d 1235, 1241 (10th Cir. 2011) ("[Section] 1983 imposes liability for a defendant's own actions – personal participation in the specific constitutional violation complained of is essential.").

In sum, Plaintiff's Complaint should be dismissed without prejudice to refiling pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Jail is not a suable entity and is the sole defendant against whom Plaintiff brings this action. Plaintiff is no longer confined at the Jail, rendering any claim for injunctive relief moot. And, Plaintiff's allegations of alleged denial of medical care are too conclusory and fail to identify any responsible official at the Jail.

## IV.    Motion to Appoint Counsel

Plaintiff has filed a Motion to Appoint Counsel [Doc. No. 6]. Plaintiff does not set forth any reasons for requesting appointment of counsel; rather, he simply asks that if possible, he would like to have counsel appointed. In the exercise of discretion, the Court finds appointment of counsel is not warranted and, therefore, recommends that Plaintiff's Motion be denied. *See* 28 U.S.C. § 1915(e)(1); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The Court has considered relevant factors including: (1) the merits of Plaintiff's claims; (2) the nature of the factual issues involved; (3) Plaintiff's ability to present his claims; and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). For the reasons set forth herein, Plaintiff has not met his burden of demonstrating that his claims have sufficient merit to warrant appointment of counsel. *See McCarthy v. Weinburg*, 753 F.2d 836, 838 (10th Cir. 1985); *see also Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state claim upon which § 1983 relief may

be granted. The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). It is further recommended that Plaintiff's Motion to Appoint Counsel [Doc. No. 6] be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 29, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 8th day of August, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE